430 P.2d 752

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Tommie Clayton TILL, Defendant-Appellant.**

**No. 8290.**

Supreme Court of New Mexico.

June 26, 1967.

Rehearing Denied Aug. 26, 1967.

D. D. Archer, Artesia, Gladys Towles Root, Los Angeles, Cal., for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

The defendant was charged with having committed the crime of rape of a child. The statute alleged to have been violated is § 40A–9–4, N.M.S.A.1953. Following a verdict of guilty and a sentence to life imprisonment the defendant prosecutes this appeal.

The appellant and the mother of the prosecutrix had at one time been husband and wife. The marriage ended in divorce and thereafter the mother remarried. The prosecutrix, a nine year old, was a child of the second marriage. Without dissolving the second marriage the mother of the prosecutrix and the appellant resumed cohabitation. The child testified that the penetration occurred in the home on a Saturday evening while the mother was away on a brief errand. The child reported the occurrence to the mother the next morning. The following day, Monday, the mother took the child to a doctor for examination. The doctor's testimony related the finding of a small abrasion or laceration of the vagina and the presence of sperm cells, no longer alive, outside the vaginal entrance. The doctor gave it as his opinion that the child had undergone sexual intercourse as late as the day charged. Early in the evening following the visit to the doctor's office, the appellant became very belligerent, which resulted in a brief altercation involving the mother, the appellant and the prosecutrix. The mother testified that the altercation resulted from her taking the child to the doctor for the examination without the consent or presence of the appellant. During the altercation there were variations in the account as to the place of the crime and the identity of the culprit. These were called to the attention of the jury by defense counsel in cross-examination of the state's witnesses. The defendant did not testify.

The appellant contends that the evidence adduced was too vague and insuf-

ficient to establish the guilt of the defendant. The question was first raised by proper and timely objections in the trial court. State v. Nuttall, 51 N.M. 196, 181 P.2d 808. In State v. Maestas, 76 N.M. 215, 413 P.2d 694, we pointed out that in a situation such as this case presents we will only weigh the evidence in the scales of inherent probability. In State v. Salazar, 74 N.M. 63, 390 P.2d 653, we quoted from a California case, [People v. Huston, 21 Cal.2d 690, 134 P.2d 758] the following discussion of inherent improbability:

> "Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. [Citation omitted.] To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations omitted.] Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation omitted.]"

Applying the procedure and test enunciated in the two cases last cited we conclude that the evidence was inherently probable. Further, where there is substantial evidence tending to sustain the verdict, the jury's determination is conclusive and an attack on the sufficiency is of no avail on review. State v. Walker, 54 N.M. 302, 223 P.2d 943; State v. Crouch, 75 N.M. 533, 407 P.2d 671. The statement of the prosecutrix and the testimony of the doctor constitutes substantial evidence.

At the hour of oral argument before this court, the appellant submitted a Supplemental Brief and requested leave for filing. Leave was granted and the Attorney General was given time to file an Answer Brief. This departure from § 21–2–1 (15) (2), N.M.S.A.1953, was permitted since it was represented that there was fundamental error. We have examined the Supplemental Brief and find that no fundamental error is disclosed. It is therefore disregarded. Lance v. New Mexico Military Institute, 70 N.M. 158, 371 P.2d 995.

The conviction will be affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.