484 P.2d 1265

STATE of New Mexico, Plaintiff-Appellee,

v.

Tommie Clayton TILL, Defendant-Appellant.

No. 9159.

Supreme Court of New Mexico.

May 10, 1971.

**556**

McAtee, Marchiondo & Michael, O. L. Puccini, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

TACKETT, Justice.

The District Court of Eddy County, New Mexico, denied a motion for post-conviction relief without a hearing. Defendant appeals.

The defendant contends that the trial court erred in denying his motion for post-conviction relief, based on (1) a "shotgun" instruction, (2) inadequate counsel (no objection was raised in the original trial of this case, cited as State v. Till, 78 N.M. 255, 430 P.2d 752 (1967)), and (3) newly discovered evidence. All three contentions are without merit.

Numbers (1) and (2) are controlled by the holding in State v. Travis, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968), and State v. Salazar, 81 N.M. 512, 469 P.2d 157 (Ct. App.1970). With respect to number (3), the requirements necessary to warrant a new trial on newly discovered evidence are set forth in State v. Ramirez, 79 N.M. 475, 444 P.2d 986 (1968):

"* * * (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such that it could not have been discovered before trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory. * * *"

See cases cited therein.

Under the above requirements, defendant failed to set forth sufficient facts in his petition, or by affidavit, to warrant consideration by the trial court, as the contended newly discovered evidence was not disclosed, nor is it revealed by the record in this court.

Based on such nondisclosure, the petition must fail.

The decision of the trial court is affirmed. It is so ordered.

COMPTON, C. J., and McMANUS, J., concur.