647 P.2d 413

STATE of New Mexico, Petitioner,

v.

Raymond David ANAYA, Respondent.

No. 13714.

Supreme Court of New Mexico.

June 25, 1982.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for petitioner.

Aragon & Reyna, Manny M. Aragon, Albuquerque, for respondent.

## OPINION

FEDERICI, Justice.

Following a jury trial in the District Court of Bernalillo County, defendant, Raymond D. Anaya, was convicted of second degree murder. Defendant then took an appeal to the New Mexico Court of Appeals. The appeal was placed on the Court of Appeals summary calendar pursuant to N.M.R.Crim.App. 207(d), N.M.S.A.1978. After reviewing defendant's docketing statement and the State's memorandum brief submitted in opposition to defendant's docketing statement, the Court of Appeals reversed the trial court. This Court granted certiorari and we now reverse and remand to the Court of Appeals.

The Court of Appeals considered the following two issues in reaching their holding: (1) whether the trial court erred in instructing the jury on the issue of transferred intent; and (2) whether the evidence was sufficient to support a jury verdict finding defendant guilty of second degree murder. The Court of Appeals concluded that the State had failed to present facts showing either that the transferred intent instruction was appropriate, or that there was sufficient evidence to convict defendant. In its opinion, the Court of Appeals noted that there was uncontroverted evidence that defendant shot victim, after victim attempted to rob defendant, and that defendant did not know victim and had shot victim only after warning him not to come any closer. In its memorandum brief, the State asserted that two eyewitnesses had seen defendant assume a police stance and that they saw the gun fire. The Court of Appeals reasoned that the eyewitness testimony was not persuasive as there was no issue of whether defendant shot victim. Hence, the evidence was insufficient to establish guilt of second degree murder. The Court of Appeals, therefore, did not otherwise calendar the case.

The issue we address is whether it was proper for the Court of Appeals to summarily reverse a jury verdict convicting defendant of second degree murder where the Court of Appeals decision was based solely on defendant's docketing statement and the State's memorandum in opposition.

■ The Court of Appeals has previously held that facts in a docketing statement which are not challenged are to be accepted as the facts of the case. *State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct. App.1978); *State v. Pohl*, 89 N.M. 523, 554 P.2d 984 (Ct.App.1976). We are in accord with this rule as stated by the Court of Appeals. Indeed, where the facts of a case are clear, only questions of law remain to be determined by an appellate court. *See Edens v. New Mexico Health & Social Services Dept.*, 89 N.M. 60, 547 P.2d 65 (1976). However, where a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal. *E.g., State v. Till*, 78 N.M. 255, 430 P.2d 752 (1967), *appeal dismissed* and *cert. denied*, 390 U.S. 713, 88 S.Ct. 1426, 20 L.Ed.2d 254 (1968). Whether there is sufficient evidence to convict of a crime is a question of law for the court to determine. *See, e.g., State v. Seaton*, 86 N.M. 498, 525 P.2d 858 (1974).

■ In the case before us, the Court of Appeals determined that there was insufficient evidence to convict defendant of second degree murder, but did so summarily even though a jury verdict had been returned against defendant and the State presented facts in their memorandum brief upon which the verdict could be based. We believe that assignment to the summary calendar, as provided for in N.M.R.Crim. App. 207(d), is proper in cases where the application of legal principles to the facts involved is clear and where no genuine issue of substantial evidence is involved. We hold that it was error for the Court of Appeals to proceed summarily in the instant case in the light of the jury verdict convicting defendant, and in the light of the eye-

witness testimony referred to in the State's memorandum brief. We therefore remand this case to the Court of Appeals for proper calendar assignment.

IT IS SO ORDERED

SOSA, Senior Justice, and PAYNE, J., concur.

EASLEY, C. J., dissents.

RIORDAN, J., not participating.