This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF RIO RANCHO,**

Petitioner-Appellee,

**v.** **No. 31,494**

**MARIO URIBE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
John F. Davis, District Judge

City of Rio Rancho
James C. Babin, City Attorney
Gina R. Manfredi, Assistant City Attorney
Kenneth J. Tager, Assistant City Attorney
Rio Rancho, NM

for Appellee

Mario Uribe
Rio Rancho, NM

Pro se Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for speeding. In our second notice, we proposed to affirm the conviction. Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm.

In our second notice, we pointed out that there was other evidence than solely visual observation from which to conclude that Defendant was traveling at between 31 and 35 miles per hour over the speed limit. We pointed to the testimony of the police officer who was stationary at the time that Defendant drove past on his motorcycle. The officer testified that he followed Defendant and was pacing him at a speed of 60 miles per hour.

Defendant responds that the police officer's testimony should be given no credit because it was physically impossible. [MIO 2-3] It does not appear that Defendant presented this alleged physical impossibility to the fact finder. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). This Court will not consider evidence that was never presented to the district court as fact finder. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that appellate courts review only those matters that were presented to the trial court).

Even if Defendant did cross-examine the police officer and question the physical possibility of his testimony, it is for the fact finder to resolve conflicts in the testimony and determine where the truth lies. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (holding that determining credibility and weighing evidence are tasks entrusted to the trial court sitting as fact-finder and the trial court was free either to disbelieve Defendant's allegations or to reject the inference he asked the court to draw). Testimony by a witness whom the fact finder has believed may be rejected by an appellate court only if there is a physical impossibility that the statements are true or the falsity of the statement is apparent without resort to inferences or deductions. *State v. Sanders*, 117 N.M. 452, 457, 872 P.2d 870, 875 (1994). Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment. *State v. Till*, 78 N.M. 255, 256, 430 P.2d 752, 753 (1967).

Here, we cannot say that the officer's testimony was inherently improbable. He could have put his vehicle in gear and chased after Defendant and his speedometer could have recorded 60 miles per hour. There was no evidence presented regarding how far the officer chased Defendant and without that evidence, this Court cannot conclude that the officer's testimony was physically impossible. The district court as fact finder could have decided to believe the officer's testimony regarding how he

determined what speed Defendant was traveling. We conclude that there was sufficient evidence presented to establish that Defendant was speeding more than 30 miles per hour over the limit.

For the reasons stated herein and in the second notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**TIMOTHY L. GARCIA, Judge**