This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ENRIQUE ROMERO and
ROSALIE ROMERO,**

Plaintiffs-Appellants,

**v.**                                                      **No. 32,551**

**ONEWEST BANK, FSB,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
John M. Paternoster, District Judge**

New Mexico Legal Center, P.C.
Lee Boothby
Taos, NM

for Appellants

Cassutt, Hays & Friedman, P.A.
John P. Hays
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Enrique and Rosalie Romero (Plaintiffs) appeal from the district court's order dismissing their complaint [RP 513], and the order denying Plaintiff's motion to reconsider.  [RP 555]  Plaintiffs raise fourteen issues on appeal. [DS 6-13]  This Court's calendar notice proposed summary affirmance.  [Ct. App. File, CN1] Plaintiffs have filed a memorandum in opposition, which, as discussed below, we have duly considered.  [Ct. App. File, MIO]  Onewest Bank, FSB (Defendant) has filed a memorandum in support. [Ct. App. File, MIS] Unpersuaded by Plaintiffs' memorandum in opposition, we affirm.

**Background**

{2}     In 2009, Defendant filed a foreclosure complaint against Plaintiffs in District Court Case No. D-820-CV-298 (the 2009 case).  Default judgment was entered against Plaintiffs on September 9, 2009, and an order approving the sale was entered on February 18, 2011.  On April 26, 2011, Plaintiffs filed a motion to set aside the default judgment in the 2009 case, and on May 12, 2011, Defendant filed a motion for enforcement of the judgment.  On May 29, 2013, the district court denied Plaintiffs' motion to set aside the default judgment in the 2009 case.  [MIS, pp. 1-2, Exhibit A].

**{3}** On May 12, 2011, Plaintiffs filed the complaint in this case. Plaintiffs allege fraud and deceit, negligent misrepresentation, unfair trade practices, intentional infliction of emotional distress; they requested that the district court set aside the default judgment in the 2009 case; and they asked for declaratory relief (this case). [RP 8] The district court ruled that, among other grounds, the claims brought in this case are compulsory counterclaims that should have been brought in the 2009 case, and it entered the order dismissing Plaintiffs' complaint. [RP 439, 513] Plaintiffs filed a motion to reconsider, Defendant responded, and the motion was denied. [RP 432, 504, 544, 552-53, 555] Plaintiffs appeal.

**The Memorandum in Opposition**

**{4}** In response to this Court's calendar notice proposing summary affirmance, Plaintiffs advance three arguments, contending that: (1) summary disposition violates the New Mexico State Constitution; (2) a foreclosure action is an *in rem* proceeding to which compulsory counterclaims cannot be a bar to subsequent claims; and (3) the claims asserted in this case were not compulsory counterclaims. [MIO 3-10] We are not persuaded.

**1.     Constitutionality of the summary calendar**

**{5}** Plaintiffs contend that the summary calendar abrogates a claimant's right to appeal under the New Mexico Constitution, and that it violates due process, equal

3

protection, and the constitutional mandate requiring a quorum of three judges for the "transaction of business" and a majority of three judges to concur in any "judgment of the court." [MIO 3-7] Existing New Mexico case law, however, has considered and rejected each of these challenges to the constitutionality of the summary calendar. *See State v. Simpson*, 1993-NMSC-073, ¶¶ 31-32, 116 N.M. 768, 867 P.2d 1150, *State v. Ibarra*, 1993-NMCA-040, ¶¶ 3-12, 116 N.M. 486, 864 P.2d 302, *cert. denied*, 513 U.S. 1157 (1995); *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479, *cert. denied*, 498 U.S. 969 (1990). We decline to revisit the well-settled principles discussed in these authorities. Moreover, as we fully discussed in the calendar notice, the procedural background of this case provides the legally operative, undisputed facts relevant to its disposition; and the application of existing, dispositive case law to these procedural background facts makes summary affirmance appropriate. *See, e.g., State v. Anaya*, 1982-NMSC-073, ¶ 5, 98 N.M. 211, 647 P.2d 413 (recognizing that assignment to the summary calendar is proper in cases where the application of legal principles to the facts involved is clear and where no genuine issue of substantial evidence is involved).

**2-3. A foreclosure action is an *in rem* proceeding to which compulsory counterclaims cannot be a bar to subsequent claims, and the claims asserted in this case were not compulsory counterclaims.**

{6} Plaintiffs argue that the "opposing parties" and/or the "logical relationship" tests are not met because Plaintiffs are raising *in personam* tort claims in this case that do not have a common origin with Defendant's *in rem* foreclosure contract claims brought in the 2009 case. [MIO 9-12] That is, Plaintiffs argue that, since Defendant brought only an *in rem* foreclosure action in the 2009 case, Plaintiffs' *in personam* claims sounding in tort brought in this case are not barred as compulsory counterclaims of the 2009 case. [MIO 12-13] We disagree.

{7} It is well-established that "the mortgagee may sue either on the note or foreclose on the mortgage, and may pursue all remedies at the same time or consequently. . . As long as there is no double recovery on the debt, the mortgagee may pursue either or both remedies." *Keppler v. Slade*, 1995-NMSC-035, ¶ 7, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citations omitted). In the 2009 case, Defendant pursued its remedies against Plaintiffs under the promissory note, an *in personam* claim, and the mortgage, an *in rem* claim, and the district court's default judgment awarded a monetary judgment against Plaintiffs on the promissory note, an *in personam* remedy, and the foreclosure of the mortgage on Plaintiffs' real property, an *in rem* remedy. [MIS, p. 4; RP 310-11] Hence, Plaintiffs' contentions in the memorandum that Defendant only pursued an *in rem* action in the 2009 case, and therefore Plaintiffs' *in personam* claims brought in this case are not barred as compulsory counterclaims in

5

the 2009 case, must fail.  Similarly, Plaintiffs attempts to distinguish the authority we relied on in the calendar notice as dispositive (we discuss this authority below) on the basis that an *in personam* rather than *in rem* remedy was pursued in those cases, must fail. [MIO 10] Finally, for the reasons fully discussed in the calendar notice and set forth below, we remain persuaded that the "opposing parties" and the "logical relationship" tests applicable to the compulsory counterclaim analysis have been met in this case.  [MIO 10-13]

**The order dismissing Plaintiffs' complaint**

{8}    In affirming the district court's order dismissing the complaint, we rely on this Court's opinions in *Adams v. Key*, 2008-NMCA-135, 145 N.M. 52, 193 P.3d 599 (discussing and applying the compulsory counterclaim analysis pursuant to Rule 1-013(A) NMRA), and *Hefferen v. First Interstate Bank*, 1983-NMCA-030, ¶¶ 18-20, 99 N.M. 531, 660 P.2d 621.

{9}    As in *Key*, the issue before us is not whether Plaintiffs' complaint is barred by general principles of res judicata.  2008-NMCA-135, ¶ 15.  Moreover, we note that the salient issues on appeal do not involve the merits of the underlying claims brought in this case, i.e., whether any alleged tortious conduct occurred.  Similarly, the issues we address are not about whether Plaintiffs' allegations of fraud make Rule 1-

060(B)(6) NMRA applicable or would allow a collateral attack on the default judgment of foreclosure in the 2009 case.

{10} Rather, the question before us is simply whether Plaintiffs' complaint in this case sets forth compulsory counterclaims that should have been made in response to Defendant's foreclosure complaint in the 2009 case between the parties. If Plaintiffs' complaint sets forth compulsory counterclaims, those claims are barred by Rule 1-013(A) irrespective of res judicata and other principles. The failure of a party to raise a compulsory counterclaim in a prior suit *is fatal* to bringing that claim in a subsequent suit. *Key*, 2008-NMCA-135, ¶ 15. In *Slide-A-Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, we held that compulsory counterclaims that were not asserted and litigated in a prior action were deemed abandoned and could not be asserted in a later action. 1987-NMSC-018, ¶ 14, 105 N.M. 433, 733 P.2d 1316.

{11} We now proceed to determine whether Rule 1-013(A) applies to bar the complaint in this case, and we propose to hold that it does. Rule 1-013(A) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

As we discussed in *Key*, Rule 1-013(A) is triggered by its "opposing party" provision. *Key*, 2008-NMCA-135, ¶ 17 (citing *Computer One, Inc. v. Grisham & Lawless, P.A.*,

7

2008-NMSC-038, ¶ 18, 144 N.M. 424, 188 P.3d 1175) (stating that there must be parties that are "opposing" for a claim to be compulsory).  In *Computer One, Inc.,* our Supreme Court described an "opposing party" as follows:  "An 'opposing party' must be one who asserts a claim against the prospective counterclaimant in the first instance.  In other words, "it is the adversarial nature of the relationship between the parties from the beginning that . . . trigger[s] the compulsory counterclaim rule and its attendant res judicata effect." 2008-NMSC-038, ¶ 18 (internal quotation marks and citation omitted).  Opposing party status "fairly alerts litigants that all claims and counterclaims 'aris[ing] out of the transaction or occurrence' must be brought at one time under penalty of waiver."  *Id.* ¶ 24 (alteration in original).

**{12}**     The second requirement of Rule 1-013(A) is that the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Key*, 2008-NMCA-135, ¶ 18 (quoting rule 1-013(A)).  We apply the "logical relationship" test to determine whether the claims of a second lawsuit arise out of the transaction or occurrence that is the subject matter of the first lawsuit. *Id.* ¶ 19 (citing *Heffern*, 1983-NMCA-030, ¶ 16; *see also Slide-A-Ride of Las Cruces, Inc.*, 1987-NMSC-018, ¶ 10 ("In New Mexico, a transaction or occurrence is the same if a 'logical relationship' exists between the opposing parties' claims.").  "A logical relationship will be found if both the claim and the counterclaim have a 'common

8

origin' and 'common subject matter.'" *Key*, 2008-NMRA-135, ¶ 19 (quoting *Brunacini v. Kavanagh*, 1993-NMRA-157, ¶ 21, 117 N.M. 122, 869 P.2d 821). The *Brunacini* holding—that tort claims for legal malpractice are compulsory counterclaims to a breach of contract claim—"makes it clear that the logical-relationship test does not rest on the substantive law that governs the different claims, but rather on whether the claims arise out of the same transaction or series of transactions." *Id.* ¶ 20*; see also Heffern*, 1983-NMCA-030, ¶ 20 (holding that a logical relationship existed between a bank's foreclosure action and the borrower's tort claims for conversion, wrongful hiring, unconscionable trade practices, and intentional misconduct).

{13} In this case, the "opposing-party" requirement is satisfied. In its complaint filed in 2009, Defendant sued Plaintiffs pursuant to a dispute between the parties. In this case, Plaintiffs sued Defendant in 2011, pursuant to a dispute between the parties. Thus, the parties' relationship is adversarial in nature and creates "opposing parties" within the meaning of Rule 1-013(A).

{14} Second, the claims asserted in the two actions are "logically related" because they have a common origin (the loan agreement executed by the parties with Plaintiffs' obligation to repay the loan secured by the mortgage on the property purchased with the loan proceeds) and a common subject matter (the parties

9

performance of, or the failure to perform, their obligations under the loan documents and the various types of damages incurred as a result). Moreover, as discussed in *Computer One, Inc.*, the allegations in Defendant's foreclosure action "fairly alerted" Plaintiffs to the adversarial nature of Defendant's claims under the loan documents and concerning Defendant's assertions of Plaintiffs' breach thereunder. 2008-NMSC-038, ¶ 24. As such, any and all claims Plaintiffs had against Defendant arising out of the parties' disputes under the loan documents were Rule 1-013(A) compulsory counterclaims to Defendant's 2009 foreclosure action to be asserted in the foreclosure law suit "under penalty of waiver." *See Computer One, Inc.*, 2008-NMSC-038, ¶ 24. This included any and all claims logically related to the parties' dispute under the loan agreements sounding in tort or in contract.

{15} As in *Key*, the Rule 1-013(A) "penalty of waiver" applies even though Plaintiffs filed no response to the 2009 foreclosure complaint and it ended in a default judgment against them. *Key*, 2008-NMCA-135, ¶ 23 (citing *Heffern*, 1983-NMCA-030, ¶ 12). Furthermore, because Rule 1-013(A) is applicable and "fatal" to all compulsory counterclaims, Plaintiffs have "forever waived [their] right to adjudicate all of the claims set forth in the [Plaintiffs'] complaint." *Key*, 2008-NMCA-135, ¶ 23 (citing *Computer One, Inc.*, 2008-NMSC-038, ¶ 23) (stating that "a party's failure to raise compulsory counterclaims will be fatal to its subsequent lawsuit"); *see also Heffern*,

1983-NMCA-030, ¶ 11 (stating that "[u]nder [Rule 1-013(A)] failure to plead a compulsory counterclaim bars a later action on that claim"). Plaintiffs defaulted in the 2009 case. The claims brought in this case asserting Defendant's tortious conduct are compulsory counterclaims in the 2009 case because they are identical in origin and subject matter, and they are logically related to and arise out of a common subject matter, whether they sound in tort or in contract. "But-for" Plaintiffs' failure to respond to the 2009 case, all of these matters could have and should have been litigated there. We hold that Rule 1-013(A) bars Plaintiffs' complaint in this case. Therefore, we affirm the district court's order dismissing the complaint.

**The order denying Plaintiffs' motion to reconsider**

{16}    It is well-established that a district court has broad discretion in ruling upon a motion for reconsideration and will only be reversed for an abuse of that discretion. *See GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 28, 124 N.M. 186, 947 P.2d 143. "An abuse of discretion may be found only where the judge has acted arbitrarily or unreasonably under the particular circumstances." *Id.* (internal quotation marks and citation omitted).

{17}    In their motion for reconsideration, Plaintiffs continue to argue that they should prevail on the merits of their complaint filed in this case essentially because Defendant's tortious conduct caused them damages aside from the sale of the property

in foreclosure. [RP 432, 544] In addition, Plaintiffs contend that their claims for emotional distress, for example, and other damages due to Defendant's alleged tortious conduct, only arose and/or accrued *after* the 2009 foreclosure lawsuit was filed. [Id.] Plaintiffs rely on language in Rule 1-013(A), stating that "[a] pleading shall state as a counterclaim any claim *which <u>at the time of serving</u> the pleading the pleader has against any opposing party*, . . ." (emphasis added). [Id.] Based on this language, Plaintiffs contend that Rule 1-013(A) does not bar, as compulsory counterclaims in the 2009 case, their tort claims for damages in this case. [Id.]

**18}** As discussed above, however, applicable law provides that the "logical relationship" test under Rule 1-013(A), "does not rest on the substantive law that governs the different claims, but rather on whether the claims arise out of the same transaction or series of transactions." *Key*, 2008-NMRA-135, ¶ 20. Moreover, all of Plaintiffs' claims and their alleged damages due to Defendant's alleged tortious conduct are logically related to, and arise out of, the same loan transaction among the parties.

**{19}** Further, under the particular circumstances of this case, we are not inclined to agree with Plaintiffs' contention that their claims for damages are not compulsory counterclaims because they arose or accrued after the 2009 foreclosure complaint was filed. Plaintiffs had notice of the 2009 foreclosure action and yet chose not to

respond to it, resulting in a default judgment against them. They appear to have filed this case in 2011 to undo or remedy their failure to defend in the 2009 case. This is the type of case that Rule 1-013(A) was designed to prevent. *See Slide-A-Ride of Las Cruces, Inc.,* 1987-NMSC-018, ¶ 9 (recognizing that "[t]he purpose of Rule 1-013 is to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters" and that "Rule 1-013 is particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint"). Plaintiffs were required to engage in litigating their defenses and counterclaims to Defendant's 2009 suit for foreclosure, whether in tort or in contract, or forever waive them. Had Plaintiffs engaged in litigating the 2009 case, they could have sought to amend their answer containing defenses and counterclaims to foreclosure, *as and when new damages allegedly arose during the course of the 2009 case*. The merits of all of these defenses and counterclaims would have been reached and resolved. And if Plaintiffs were dissatisfied with the results, they could have appealed the 2009 case to this Court. We can imagine that there may be instances where a second, "logically-related" suit is not barred because the claims arose long after the first suit was finalized or settled, but this is not such a case.

13

**{20}** These are the principles of law articulated in the district court's letter ruling and order dismissing the complaint, and further articulated in the district court's letter ruling and order denying the motion to reconsider. [RP 439, 513, 552-54, 555] Under the circumstances, therefore, we cannot say that the district court abused its discretion in denying Plaintiffs' motion to reconsider.

**Conclusion**

**{21}** We affirm the district court's orders.

**{22}** **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**M. MONICA ZAMORA, Judge**