This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                         **No. 32,707**

**DEANNA JOJOLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Samuel L. Winder, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from the district court's judgment affirming her conviction for driving while intoxicated (DWI), impaired to the slightest degree, in an on-record appeal from metropolitan court. [DS 1; RP 111] In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. We do not find Defendant's arguments persuasive, and therefore, we affirm.

{2}     On appeal, Defendant contends that there was insufficient evidence to support her DWI conviction. [DS 1] Defendant also argues that her conviction violates federal and state due process because the State failed to prove that she was guilty of DWI beyond a reasonable doubt. [DS 6] We will address each issue in turn.

**Sufficiency of Evidence**

{3}     We hold that there was sufficient evidence to support Defendant's DWI conviction. The State presented evidence that the officer observed Defendant traveling ten miles below the speed limit on I-40, swerving to the left and to the right, and crossing the lane-line markers several times. [DS 3; RP 106] The officer followed Defendant as she exited the interstate, he turned on his emergency equipment, and he used his PA system to instruct Defendant to pull over to the right several times. [DS 3; RP 106] Defendant did not pull over immediately, and when she did, she pulled over to the left side of the road. [MIO 8; DS 3; RP 106] The officer approached

2

Defendant and observed that she had bloodshot and watery eyes, a strong odor of alcohol, and slurred speech. [DS 3; RP 106] The officer asked Defendant if she had consumed any beverages that evening, and she did not respond. [DS 4; RP 107] Defendant agreed to perform field sobriety tests and demonstrated signs of intoxication while exiting her vehicle and performing each test, including losing her balance at times, putting her hand on the officer's vehicle to maintain balance at other times, swaying from side to side and back and forth, and walking backwards during the one-leg stand. [DS 4-5; RP 107]

{4} This case is similar to *State v. Neal*, 2008-NMCA-008, ¶¶ 4, 29, 143 N.M. 341, 176 P.3d 330, wherein this Court held that the evidence was sufficient to support the defendant's conviction for DWI where the officer observed the defendant traveling five miles below the speed limit and crossing over the shoulder line three times; the defendant smelled of alcohol and had bloodshot and watery eyes; the defendant admitted drinking alcohol; and the defendant showed signs of intoxication during the field sobriety tests, including lifting his arms, swaying, and not following the officer's instructions.

{5} Defendant's memorandum in opposition briefly addresses *Neal*, but does not distinguish it from this case. [MIO 7] Instead, Defendant distinguishes the facts in this case from cases that are cited in *Neal*. [MIO 7-9] In doing so, Defendant parses the

evidence and challenges how the evidence was viewed and weighed by the jury. [MIO 7-10]  We are not persuaded by Defendant's arguments.

{6}	As we stated in our notice, we view the evidence in the light most favorable to the verdict, indulge all reasonable inferences and resolve all conflicts in the evidence in favor of that verdict, and do not reweigh the evidence. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. It is "an appellate court's duty on review of a criminal conviction to determine whether *any* rational jury could have found each element of the crime to be established beyond a reasonable doubt." *State v. Garcia*, 1992-NMSC-048, ¶ 27, 114 N.M. 269, 837 P.2d 862. The application of this standard "does not involve substituting the appellate court's judgment for that of the jury in deciding the reasonable-doubt question." *Id.* Similarly, this standard does not require that we consider the "merit of evidence that may have supported a verdict to the contrary." *State v. Vigil*, 1990-NMSC-066, ¶ 6, 110 N.M. 254, 794 P.2d 728.

{7}	Under these standards, sufficient evidence was presented to support the jury's verdict that Defendant was driving while intoxicated. *See Neal*, 2008-NMCA-008, ¶¶ 4, 29; *see also State v. Anaya*, 1982-NMSC-073, ¶ 4, 98 N.M. 211, 647 P.2d 413 ("[W]here a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal.").

**Due Process**

**{8}** In our calendar notice, we noted that Defendant did not make a federal or state constitutional argument beyond her contention that there is insufficient evidence to support her DWI contention, and Defendant did not indicate how she preserved this issue below. [CN 6; DS 6; RP 108]

**{9}** In her memorandum in opposition, Defendant continues to argue that the State failed to meet its burden to prove that she was driving while intoxicated; therefore, her conviction for DWI violates her due process. [MIO 6, 10] Defendant's memorandum in opposition does not raise any new legal arguments or show how she preserved any due process arguments below. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{10}** Because we have already determined that the State presented sufficient evidence to support Defendant's conviction for DWI, we conclude that Defendant's due process rights were not violated.

**Conclusion**

**{11}** For the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**{12}** **IT IS SO ORDERED.**

5

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**J. MILES HANISEE, Judge**