This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-37831**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Defendant appeals his conviction for criminal sexual contact of a minor (Child Under 13). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant's sole issue on appeal challenges the sufficiency of the evidence to support his conviction. *See State v. Armijo,* 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919 ("A motion for a directed verdict challenges the sufficiency of the evidence.").

**{3}** A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

**{4}** Defendant's argument has been that the jury should not have believed the victim's testimony that the criminal sexual contact occurred. [DS 7] "Testimony by a witness whom the fact[-]finder has believed may be rejected by an appellate court only if there is a physical impossibility that the statements are true or the falsity of the statement is apparent without resort to inferences or deductions." *State v. Sanders*, 1994-NMSC-043, ¶ 13, 117 N.M. 452, 872 P.2d 870. Inherently improbable testimony is limited to: (1) statements which are physically impossible, and (2) statements the falsity of which is apparent without resort to inferences or deductions. *See State v. Till*, 1967-NMSC-150, ¶ 3, 78 N.M. 255, 430 P.2d 752. Here, the victim (L.B.) testified that she was in her aunt's bedroom, where she apparently spent the night with Defendant and her aunt. [RP 471-72] L.B. testified that she was trying to sleep when Defendant touched her vagina. [RP 472] We conclude that the victim's testimony was not physically impossible or false on its face.

**{5}** In his memorandum in opposition, Defendant claims that the State failed to show that the charged incident occurred in October 2014, as required by the jury instruction. [MIO 10, RP 441] Specifically, Defendant refers to L.B.'s testimony that the incident occurred in 2015. [MIO 10, RP 471] However, the 2015 reference was made by the prosecutor; although L.B. did not dispute that date, the jury could look to other evidence that would place the incident in October 2014. L.B. testified that she never saw Defendant again after the incident. [RP 474] She also testified that she first reported the incident to her grandmother, two months later. [RP 472] Sandy Loomis of the Curry County Sheriff's Office testified that he investigated the incident, which he stated occurred in October 2014. [RP 476] Although Defendant claims [MIO 15] that there could have been some hearsay or other evidentiary problems with his testimony, we still consider the testimony for purposes of a sufficiency of the evidence challenge. *See State v. Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487. To the extent that there was inconsistency regarding whether the incident occurred in October 2014 or 2015, we defer to jury's resolution on this issue. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

WE CONCUR:

J. MILES HANISEE, Judge

ZACHARY A. IVES, Judge